UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESIRAYE ROOT, #381860,

        Petitioner,

                            CASE NO. 2:06-CV-11860
v.                          HONORABLE LAWRENCE P. ZATKOFF

SUSAN DAVIS,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S REQUEST TO HOLD
## HABEAS CORPUS PROCEEDINGS IN ABEYANCE

**I.    Introduction**

Petitioner, an inmate at the Huron Valley Complex/Women's Correctional Facility in Ypsilanti, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging her conviction for second-degree home invasion, which was imposed following a jury trial in the Montcalm County Circuit Court in 2002. Petitioner was sentenced as a third habitual offender to 8 to 30 years imprisonment. In her pleadings, Petitioner raises a claim challenging the admission of flight evidence. This matter is before the Court on Petitioner's request to hold her habeas petition in abeyance pending the exhaustion of additional issues in the state courts. For the reasons set forth below, the Court denies Petitioner's request.

**II.    Procedural History**

Following her conviction and sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals asserting that the trial court improperly admitted evidence of flight. The Michigan Court of Appeals denied relief on this issue and affirmed Petitioner's conviction. *See*

1

*People v. Root*, No. 244319 (Mich. App. May 11, 2004) (unpublished).  Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied.  *See People v. Root*, 4471 Mich. 921, 688 N.W.2d 830 (Nov. 22, 2004).

On November 14, 2005, Petitioner filed a motion for relief from judgment in the state trial court asserting claims involving the effectiveness of trial and appellate counsel and the propriety of her sentence.  Petitioner also filed a motion to amend raising a new evidence claim.  The trial court denied relief on all claims.  *See People v. Root*, No. 02-H-462-FH (Montcalm Co. Cir. Ct. Dec. 29, 2005).  Petitioner states that she is preparing to file an application for leave to appeal this decision in the Michigan Court of Appeals.

Petitioner signed the instant habeas petition on April 14, 2006 raising the evidentiary claim presented to the Michigan courts on direct appeal of her convictions.  In her pleadings, Petitioner requests that the Court hold her habeas case in abeyance pending her exhaustion of state remedies as to the issues raised in her state court motion for relief from judgment.  Petitioner cites statute of limitations concerns in support of this request.

**III.    Discussion**

A prisoner filing a petition for writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  Federal habeas law provides that a habeas petitioner is only entitled to relief if he or she can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States.  *See* 28 U.S.C. § 2254(d).  The state courts must first be

2

given a fair opportunity to rule upon all of Petitioner's habeas claims before she can present those claims to this Court. Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

Having considered the matter, the Court finds that it is unnecessary to hold this matter in abeyance. A federal district court has discretion in "limited circumstances" to stay a mixed habeas petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 1534-35 (2005). For example, stay and abeyance may be appropriate when a habeas petitioner could be precluded from seeking federal habeas relief due to the application of the one-year statute of limitations. *Id*. at 1533. Stay and abeyance is only appropriate when a district court determines that the petitioner has shown good cause for the failure to first exhaust the claims in state courts, the petitioner's unexhausted claims are not plainly meritless, and the petitioner has not engaged in intentionally dilatory litigation tactics. *Id*. at 1535.

In this case, Petitioner has not shown the need for a stay. Her current claim is exhausted and the one-year limitations period applicable to habeas actions does not pose a concern. *See* 28 U.S.C. § 2244(d)(1). The Michigan Supreme Court denied relief on Petitioner's direct appeal on November 22, 2004. Petitioner then had 90 days in which to seek a writ of certiorari with the United States Supreme Court. *See* Rule 13(1), Supreme Court Rules. With regard to the statute of limitations, therefore, her conviction became final on or about February 20, 2005 -- 90 days after the Michigan Supreme Court denied leave to appeal. Petitioner then had one year in which to file her federal habeas petition or seek additional state court review. The time during which a properly filed application for state post-conviction or other collateral review is pending in the state courts statutorily tolls the one-year period. *See* 28 U.S.C. § 2244(d)(2). Petitioner filed her state court motion for relief from judgment on November 14, 2005. At that point, 267 days of the one-year

period had expired.  Although the trial court denied the motion for relief from judgment on December 29, 2005, the one-year period continues to be tolled until Petitioner completes her appeals in the Michigan Court of Appeals and Michigan Supreme Court.  *See Carey v. Saffold*, 536 U.S. 214, 220-21 (2002); *Matthews v. Abramajtys*, 319 F.3d 780, 787-88 (6th Cir. 2003).  Additionally, the one-year period may be tolled for an additional 90 days to allow for any filing in the United States Supreme Court.  *See Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003).  Petitioner shall have 98 days after the conclusion of state collateral review (which amounts to 188 days from the date of the Michigan Supreme Court's decision) to seek federal habeas review.  This is more time than the 60 days requested by Petitioner in her pleadings.  Petitioner has sufficient time in which to exhaust additional issues in the state courts and return to federal court should she wish to pursue those issues.

**IV.    Conclusion**

For the reasons stated, the Court **DENIES** Petitioner's request to hold her habeas proceedings in abeyance.  Should Petitioner wish to have the Court dismiss the present habeas petition, which contains an exhausted claim, so that she may complete exhaustion as to additional issues in the state courts, she may move the Court for a non-prejudicial dismissal of her petition within 30 days of the filing date of this order.  If she does not do so, the Court shall proceed on the exhausted claim contained in the present petition.

**SO ORDERED**.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  June 12, 2006

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 12, 2006.

                                                  s/Marie E. Verlinde
                                                Case Manager
                                                (810) 984-3290